## GOLL v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. November 24, 1908.)

No. 1.482.

**1. FOOD (§ 20*)—OLEOMARGARINE—SALE—INDICTMENT.**

An indictment for unlawfully selling oleomargarine. averring that both defendants named therein "unlawfully and knowingly did sell and deliver" at a time and place and to a person named a one-pound package of oleomargarine wrapped in a paper wrapper, without being then and there marked and branded in the manner required by Act Cong. August 2, 1886, c. 840, § 6. 24 Stat. 210 (U. S. Comp. St. 1901, p. 2230), was sufficient.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 20.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. FOOD (§ 21*)—PROSECUTIONS—EVIDENCE.

Where G. was not shown to have ordered, advised, approved, or had knowledge of a sale of oleomargaine by another not under G.'s control without being properly printed or branded, G. could not be convicted of the alleged wrongful sale of such substance.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 21.*]

3. CRIMINAL LAW (§ 901*)—ACQUITTAL—RIGHT TO DIRECTION—WAIVER.

Where accused was entitled to the granting of his motion for an acquittal at the close of the government's case for failure of proof, such right was not waived by the introduction of evidence in his own behalf.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2124; Dec. Dig. § 901.*]

4. FOOD (§ 21*)—PROSECUTIONS—EVIDENCE.

An admission by accused that he had been fined for an unlawful sale of oleomargarine during his previous operations was without force to charge complicity in a subsequent unlawful sale by another.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 21.*]

5. CRIMINAL LAW (§ 424*)—EVIDENCE—DECLARATIONS.

Where G. and K. were charged with the illegal sale of oleomargarine not properly marked, evidence that defendant K. stated to witness immediately after the sale of the package in question that he was working for G. was inadmissible to prove interest or complicity in the offense on G.'s part.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1002–1010; Dec. Dig. § 424.*]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

The plaintiff in error, Goll, was indicted and convicted, upon trial to a jury, together with one George Kice, for alleged violation of section 6 of the act of Congress known as the "Oleomargarine Act," approved August 2, 1886 (Act Aug. 2, 1886, c. 840, 24 Stat. 210 [U. S. Comp. St. 1901, p. 2230]), and this writ is brought by Goll alone, for reversal of the judgment against him. The count of the indictment, on which the conviction rests, is as follows:

"The grand jurors for the United States of America, inquiring for the Eastern Division of the Northern District of Illinois, upon their oaths present, that Frank S. Goll and George Kice, each late of the city of Chicago, in the said division and district, on the nineteenth day of March, in the year of our Lord nineteen hundred and eight, at the city of Chicago, in the division and district aforesaid, unlawfully did knowingly sell and deliver to one Arthur J. R. Curtis, a one-pound package of oleomargarine wrapped in a paper wrapper without being then and there marked and branded as the Commissioner of Internal Revenue of the said United States with the approval of the Secretary of the Treasury of the said United States had theretofore prescribed; that is to say, without having the name and address of the dealer printed or branded thereon in letters not less than one-fourth of an inch square and the word 'Oleomargarine,' and the quantity in pounds contained in the said package written, branded or printed thereon in letters not less than one-fourth of an inch square so as to be plainly visible to the purchaser; and so the grand jurors aforesaid, upon their oaths aforesaid, do say that the said Frank S. Goll and the said George Kice at the time and place and in manner and form aforesaid, unlawfully did sell and deliver oleomargarine in another form than in new wooden or paper packages as described in section 6 of the act of Congress approved August 2, 1886, entitled 'An act defining butter, also imposing a tax upon and regulating the manufacture, sale, importation and exportation of oleomargarine'; against the peace and dignity of the said United States, and contrary to the form of the statute of the same in such case made and provided."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

General and special demurrer to the indictment was interposed on behalf of the accused, overruled by the trial court, and the trial proceeded. At the conclusion of the evidence for the government, motions were made for direction of a verdict in favor of each; which motion was overruled, and testimony was introduced on behalf of the plaintiff in error. Like motion was made and overruled at the close of all the evidence.

The testimony and further rulings complained of, in so far as material, are mentioned in the opinion.

Wells M. Cook, for plaintiff in error.

Edwin W. Sims, U. S. Dist. Atty., and Frank R. Reid, Asst. U. S. Dist. Atty.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts as above). The errors assigned for reversal of the judgment against the plaintiff in error are: (1) Insufficiency of the indictment; (2) insufficiency of evidence to charge the plaintiff in error with an offense; (3) reception of incompetent testimony; and (4) error in giving and refusing instructions.

1. The indictment distinctly avers as facts that both defendants named therein "unlawfully did knowingly sell and deliver," at a time and place and to a person named, "a one-pound package of oleomargarine wrapped in a paper wrapper without being then and there marked and branded," in conformity with the requirements of the act referred to and regulations adopted thereunder, which were specifically described and averred; and we believe the demurrer was rightly overruled. That the charge was inartificially framed may be conceded, but the averments were neither uncertain nor insufficient when read as an entirety; and the objection raised for duplicity is untenable. It is contended that the statute makes separate and distinct offenses, not only of a sale of oleomargarine without the prescribed brand, but as well of a delivery, and that distinct offenses cannot be joined in a single count, under a well-settled general rule. The rule referred to, however, is not applicable to the provisions in question, which make punishable either sale or delivery to accomplish the inhibited object. Both sale and delivery are averred in a single transaction, and commission therein of either one or both acts equally constitutes the statutory offense, making one violation and incurring a single penalty. Crain v. United States, 162 U. S. 625, 634, 636, 16 Sup. Ct. 952, 40 L. Ed. 1097; 1 Bish. New Crim. Proc. § 436.

2. Error is well assigned, however, for want of proof to support the charge and verdict against the plaintiff in error. The alleged sale and delivery, in violation of the statute, on the part of Kice, the other defendant named, appears from the testimony, together with the fact that he was alone in the transaction; but there is no proof, direct or inferential, that the plaintiff in error either ordered, advised, approved, or had knowledge of such violation. Moreover, the witnesses for the prosecution testify that the package so sold by Kice was taken by him out of a wagon containing "quite a number of packages stamped with the word 'oleomargarine' and the name of the Chicago Tea Store, 13 North Kedzie Avenue," and that he removed or erased something from

the wrapper of such package before entering the house to make the sale. On this testimony, together with the regulations of the department prescribing the brand to be used, and proof that the "Chicago Tea Store" had theretofore obtained a license as retail dealer in oleomargarine, upon application made by the plaintiff in error, as proprietor, the prosecution rested the case; and it is plain that such proof was without force to raise an issue of criminal liability against the plaintiff in error, under the elementary rule of our criminal law. He was then entitled to direction of a verdict of acquittal, upon the motion made on his behalf, and error appears in denial thereof by the trial court. The above-mentioned state of the evidence, therefore, would seem to us sufficient for this conclusion, without comment on the axiomatic rule referred to.

Nevertheless, counsel for the government contend in brief and argument, not only (a) that such "proof was sufficient to warrant the court in refusing this motion," (b) but (in substance) that the objection for insufficiency was waived by the introduction of evidence by way of defense, and (c) that submission to the jury and conviction thereupon were authorized, for these reasons: That the plaintiff in error failed "to deny that he had any part in the sale and delivery by Kice," or to prove actual "change of ownership of the store"; and that he admitted (on cross-examination) "that he had once paid a fine for violating the oleomargarine act (Act Aug. 2, 1886, c. 840, 24 Stat. 209 [U. S. Comp. St. 1901, p. 2228])." In view of these extraordinary propositions thus pressed to our attention from that source, it may be desirable, if not needful, to note the inconsistency of each with fundamental law. Each ignores the rule of protection which our criminal law rightfully extends over the accused throughout his trial, and as well the presumption of innocence created in his favor, which can only be overcome by proof of guilt beyond reasonable doubt. As before stated, the case for the prosecution closed without evidence of complicity in or knowledge of the unlawful sale on the part of the plaintiff in error, and his right to an acquittal was unmistakable. Under the protecting rule referred to, it is equally clear that the error of the court in denying that right was not waived by the introduction of evidence on his behalf. Whether such error may be waived or cured by a subsequent disclosure of incriminating facts on the part of the accused, when the burden of defense is thus cast upon him, is another question, on which we express no opinion, as no sufficient evidence appears in any form. The burden cannot be imposed upon the plaintiff in error, under such failure of evidence, to disprove complicity in the offense; nor was it needful to show that he was not the owner of the oleomargarine package from which the brand appeared to have been removed by Kice to make the sale. He did testify, however, that he "knew nothing whatever" about the alleged sale, and was not the proprietor of the "Chicago Tea Store," having sold out his interest theretofore; and a government license issued accordingly in the name of one Richey, as proprietor, was produced in evidence. The admission referred to on the part of the plaintiff in error, that he had been fined for an unlawful sale of oleomargarine during his previous operations, was without force to charge complicity in the case at bar.

As the rulings of the trial court deprived the plaintiff in error of his rightful benefits under the law, the judgment must be reversed for such errors.

3. In the reception of testimony, error is well assigned upon a ruling which appears to have been fundamental in reference to the charge against the plaintiff in error. A witness for the prosecution was permitted to testify that the defendant Kice stated, in answer to an inquiry by the witness immediately after sale of the package, that he was "working for Goll"; and the trial court overruled both objection to the question and a motion to exclude such answer, as against the defendant Goll. If this statement was material, in any sense, in reference to Kice, it was clearly inadmissible to prove interest or complicity on the part of Goll, so that error appears as well in the reception and submission of such hearsay proof and in the probative force which was then assumed for the fact thus stated by Kice. While sale of oleomargarine, in packages properly marked (as found in the delivery wagon), was authorized under the government license, the contention in support of submission to the jury rests on this inadmissible statement, without a fact in evidence to charge Goll with erasure of the brand to make a sale.

Other objections which are raised to ruling upon testimony received or offered are not deemed tenable.

The judgment of the District Court is reversed, and the cause remanded for a new trial.